IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOU-MATIC, LLC,

                Plaintiff,

v.

GORTER CLAY & DAIRY EQUIPMENT, INC.,
GORTERS CLAY & DAIRY EQUIPMENT
OF MINNESOTA, INC., and JAMES M.
HARTKE,

                Defendants.

OPINION AND ORDER

10-cv-380-wmc

---

In this civil action, plaintiff Bou-Matic, LLC claims that (1) defendants Gorter Clay & Dairy Equipment, Inc. and Gorters Clay & Dairy Equipment of Minnesota, Inc. breached a dealership agreement and (2) defendant James M. Hartke breached his guaranty. (Dkt. #1 at ¶¶ 7-13.) In its complaint, Bou-Matic alleges that this court has jurisdiction to decide common law breach of contract case under the diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1). (*Id.* at ¶5.) The allegations in the complaint, however, are insufficient to determine whether diversity jurisdiction actually exists. Accordingly, Bou-Matic will be given an opportunity to file an amended complaint containing the necessary allegations to establish diversity jurisdiction.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

1

dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff alleges in its complaint that diversity jurisdiction exists because the amount in controversy exceeds $75,000 and the parties are diverse. (Dkt. #1, ¶¶1-4.) The allegations in the complaint, however, fail to support the latter proposition. Specifically, plaintiff fails to provide the relevant information necessary to determine its citizenship. For diversity jurisdiction to exist there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. On the record before the court, plaintiff's citizenship remains unknown.

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Plaintiff's complaint does not provide any allegations about the names or the citizenship of any members. Instead, plaintiff alleges it is a corporation incorporated under the laws of Nevada with its principal place of business in Madison, Wisconsin. (Dkt. #1.) In deciding the citizenship of a limited liability company, both pieces of information are irrelevant. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this matter for lack of subject matter jurisdiction, Bou-Matic will be given an opportunity to allege the names and citizenship of each member of the LLC. In correctly alleging the LLCs' citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be provided because "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that on or before Friday, August 20, 2010, plaintiff shall file and serve an amended complaint containing allegations sufficient to establish plaintiff's and defendants' citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

Entered this 10th day of August, 2010.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge